# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00133-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>(1) PATRICIA GEORGE JENKINS and )<br>(2) TIMOTHY JASON MCCOY, )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant Patricia George Jenkins' Motion to Continue [Doc. 27] and Defendant Timothy Jason McCoy's Amended Motion to Continue [Doc. 28].

On October 2, 2018, Defendant Patricia George Jenkins ("Defendant Jenkins") and Defendant Timothy Jason McCoy ("Defendant McCoy") were charged in a Bill of Indictment. [Doc. 1]. Defendant Jenkins was charged with one count of possession with the intent to distribute a substance containing more than five grams of actual or pure methamphetamine in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. Defendant McCoy was charged with one count of possession with the intent to distribute a substance

containing more than five grams of actual or pure methamphetamine in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and one count of being an unlawful user of and addicted to a controlled substance, as defined in 21 U.S.C. § 802, in possession of a firearm and ammunition, all in violation of 18 U.S.C. § 922(g)(3). [Doc. 1].

On October 15, 2018, Defendants' initial appearances were held, at which time the Magistrate Judge appointed counsel for Defendant Jenkins. At this time, Defendant McCoy informed the Magistrate Judge he would retain counsel. On October 16, 2018, Defendant McCoy's arraignment was held, at which time Defendant McCoy appeared with retained counsel and the Magistrate Judge calendared the case for the November 7, 2018 trial term. Then, pursuant to 18 U.S.C. § 3161(c)(2), the Magistrate Judge continued the case to its current setting during the January 7, 2019 trial term. On October 22, 2018, Defendant Jenkins' appointed counsel moved to withdraw as attorney. [Doc. 14]. On October 23, 2018, Defendant's retained counsel filed a notice of appearance [Doc. 15] and retained counsel's motion to withdraw was granted [Doc. 17]. On the same day, Defendant Jenkins' arraignment was held, at which time the Magistrate Judge calendared the case for the November 7, 2018 trial term and then, pursuant to 18 U.S.C. §

2

3161(c)(2), continued the case to its current setting during the January 7, 2019 trial term. On December 19, 2018, the Court denied without prejudice Defendants' separate motions to continue [Docs. 21, 22] for the reasons stated in that Order. [Doc. 23]. On December 28, 2018, the Court denied without prejudice Defendants' second separate motions to continue [Doc. 24, 25] for the reasons stated in that Order. [Doc. 26].

Defendants again move separately for continuances. [Docs. 27, 28]. With respect to Defendant Jenkins, as grounds, counsel states that additional time is needed to discuss and arrange the details and terms of the plea agreement the parties are currently negotiating. Counsel states that, due to the events of the case and the seriousness of the charges, she needs additional time to confer with Defendant Jenkins regarding the impending plea arrangement. Counsel further represents that the Government does not oppose the requested continuance. [Doc. 27].

The Court finds that the case should be continued with respect to Defendant Jenkins. If the requested continuance were not granted, the Court finds that counsel would be denied "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, without the requested continuance, counsel would not have the ability to engage in meaningful plea negotiations,

which would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

With respect to Defendant McCoy, as grounds, counsel for Defendant McCoy states grounds identical to those stated by counsel for Defendant Jenkins. Specifically, counsel states that additional time is needed to discuss and arrange the details and terms of the plea agreement the parties are currently negotiating. Counsel states that, due to the events of the case and the seriousness of the charges, he needs additional time to confer with Defendant McCoy regarding the impending plea arrangement. Counsel further represents that the Government does not oppose the requested continuance. [Doc. 28].

The Court also finds that the case should be continued with respect to Defendant McCoy. If the requested continuance were not granted, the Court finds that counsel would be denied "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, without the requested continuance, counsel would not have the ability to engage in meaningful plea negotiations, which would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). Further, because no motion for severance has been granted, the continuance of Defendant Jenkin's case justifies the

4

continuance of Defendant McCoy's case as well.  See 18 U.S.C. § 3161(h)(6) (allowing for exclusion of "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

For the reasons stated herein, the ends of justice served by the granting of the continuances outweigh the best interests of the public and the Defendants in a speedy trial.  See 18 U.S.C. § 3161(h)(7)(A).

**IT IS, THEREFORE, ORDERED** that the Defendant Jenkins' Motion to Continue [Doc. 27] and the Defendant McCoy's Amended Motion to Continue [Doc. 28] are **GRANTED**, and the above-referenced Defendants are hereby **CONTINUED** from the January 7, 2019 term in the Asheville Division.

**IT IS SO ORDERED.**

Signed: January 2, 2019

Martin Reidinger
United States District Judge